STEDMAN (LOTHROP v.). See Case No. 8,-519.

## Case No. 13,344.

### STEEGMAN et al. v. MAXWELL.

[3 Blatchf. 365.] [1]

Circuit Court, S. D. New York. Nov. 30, 1855.

CUSTOMS DUTIES—PROTEST—FUTURE APPLICATION—THREAD LACES.

1. A protest against the payment of 25 per cent. duty charged on thread laces, claiming that the laces are liable to a duty of only 20 per cent., is a sufficient protest, under the act of February 26, 1845 (5 Stat. 727).

[Applied in Frazee v. Moffitt, 18 Fed. 586. Cited in Davies v. Miller, 130 U. S. 287, 9 Sup. Ct. 561.]

2. Where a person engaged in the importation of thread laces, protested, in proper form, against the exaction of 25 per cent. duty on a particular importation, claiming that it was liable to only 20 per cent. duty, under a specified schedule of the tariff act then in force, and added, in the same protest, "I mean this protest to apply to all like exactions heretofore paid, and to all future, and shall claim a return thereof:" Held, that that was a sufficient protest, under the said act of 1845, against the exaction, when made on any future importation by the same party, without the repetition of the protest on each importation.

[Cited in Hutton v. Schell, Case No. 6,961; Wetter v. Schell, Id. 17,470; Ullman v. Murphy. Id. 14,325; Arthur v. Morgan, 112 U. S. 501, 5 Sup. Ct. 244; Schell's Ex'rs v. Fauche, 138 U. S. 562, 11 Sup. Ct. 380.]

3. Thread laces, being a manufacture of linen and cotton, first introduced into trade in the United States after the passage of the tariff act of July 30, 1846 (9 Stat. 42), are liable to a duty of 20 per cent., under Schedule E of that act, and not to a duty of 25 per cent., as "cotton laces, etc.," under Schedule D of that act.

This was an action [by Henry Steegman and others] against [Hugh Maxwell] the collector of the port of New York, to recover back an excess of duties. The jury found a verdict for the plaintiffs, subject to the opinion of the court on a case.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, for defendant.

BETTS, District Judge. The plaintiffs, from the year 1849 to the year 1852, inclusive, imported thirty-two invoices of laces from Liverpool into this port, and entered them at the custom-house, as subject to a duty of 20 per cent. A duty of 25 per cent. was imposed upon them, and was exacted by the defendant. This action is brought to recover back $1,592.30, the difference of duties so paid.

It was proved, that the goods in question were invoiced as thread laces and lawn laces, and were composed of linen and cotton combined in the manufacture. They are a new article in trade, manufactured wholly by machinery, and were first introduced into commerce and trade in the United States in 1847 or 1848, and are known in commerce as thread laces. They have never been known commercially under the denomination of "cotton laces," "cotton insertings" and "cotton trimming laces," which articles were well known in commerce prior to the passage of the tariff act of 1846, and are composed wholly of cotton.

Exception is taken, on the part of the defendant, to the sufficiency of the protests in this case. In most instances, a protest was indorsed on each entry, and was written and signed prior to the payment of the duty exacted. These protests were all, in substance, that the plaintiffs protested against the payment of 25 per cent. duty charged on thread laces (or loom thread laces), claiming that said laces were liable to a duty of only 20 per cent. This, in our judgment, was sufficiently "setting forth distinctly and specifically the grounds of objection to the payment" of the duty demanded, to meet the requirements of the act of February 26, 1845 (5 Stat. 727). Dutiable articles are scheduled, by the tariff act of July 30, 1846 (9 Stat. 42), under the rates of duties imposed upon them. A notice to the collector that a denomination of goods which is justly liable to a duty of only 20 per cent., as "thread laces," is wrongfully placed by him under the schedule of 25 per cent. duties imposed on "cotton laces, cotton insertings, cotton trimming laces, cotton laces and braids," is notice to him, adequately distinct and specific, of the grounds of objection to the payment demanded, to satisfy the provisions of the statute. Some of the protests designate the particular schedule and name under which the importation should be ranked; but we think the more common form of protest before recited is a sufficient compliance with the statute, to authorize the plaintiffs to maintain their action.

In August, 1849, the plaintiffs made, upon one of the entries, the following protest in writing: "We hereby protest against being compelled to pay 25 per cent. duty on thread lace and inserting in 165 a 167, because the article is so known commercially, and is provided for under Schedule E of tariff act of 1846, at a duty of 20 per cent. We mean this protest to apply to all like exactions heretofore paid, and to all future, and shall claim a return thereof." The point raised by this protest was considered in Marriott v. Brune [Case No. 2,052], 9 How. [50 U. S.] 619, 636. The circuit court in Maryland decided that a prospective notice was a compliance with the act of congress, and the supreme court affirmed that

ruling in respect to the facts then present. but with some hesitation as to adopting it as a general principle. Nothing has since transpired in that court recalling the decision then made, and, in this circuit, it has since been regarded and acted upon as laying down the true rule. We perceive no legal reason for calling upon the plaintiffs in this case to reiterate their protest at every entry of their goods, when they are engaged in a trade in a specific description of commodities, and have distinctly apprised the collector that they shall claim a return of all duties exceeding 20 per cent. ad valorem, exacted on their future importations of those goods. The collector must be assumed to act against a notice as specific, in such case, as if it were repeated to him toties quoties as often as invoices and entries are presented. Judgment for plaintiffs.