## REGAL MANUFACTURERS SUPPLY CO. *v.* UNITED STATES

**No. 5257.**—Invoice dated Montreal, Canada, August 17, 1938.
   Entry No. 5608.

(Decided May 14, 1941)

Plaintiff not represented by counsel.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

KINCHELOE, Judge: This is an appeal to reappraisement involving the proper dutiable value of certain cotton cloth imported from Canada and entered at the port of New York.

At the outset I find it proper to consider the question raised by defendant concerning the timeliness of filing the case before me. Section 501 of the Tariff Act of 1930 under which this appeal to reappraisement arises reads, so far as pertinent, as follows:

* * * The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee. * * *.

An examination of the official papers herein reveals that notice of appraisement of the instant merchandise was mailed to plaintiff (consignee) on November 15, 1940, and that the notice of appeal was received by the collector on December 16, 1940, or 31 days after the notice of appraisement was mailed, which is beyond the time fixed by the statute for filing an appeal to reappraisement by the consignee or his agent.

The fact that the appeal to reappraisement was dated within 30 days from the mailing of notice of appraisement does not meet the requirements of section 501, *supra*. The language of said section is clear and unambiguous and must be strictly construed. *United States* v. *Charles L. King*, Reap. Dec. 2628.

The provision that controls filing of an appeal to reappraisement by an importer or his agent differs from that governing the filing of such an appeal by the collector of customs. Whereas a collector's appeal must be "*filed with* or *mailed to* the United States Customs Court by the collector within sixty days after the date of the appraiser's report," an appeal to reappraisement taken by the consignee or his agent must be *filed* with the collector within 30 days after the date of mailing of written notice of appraisement to the consignee. Thus the statute makes-it mandatory upon an importer or his agent that an appeal to reappraisement be *filed* with the collector within 30 days after notice is mailed. The time of *mailing* an importer's appeal to reappraisement has no bearing in determining the timeliness of same.

Since the instant appeal was not filed within the statutory time, under the interpretation of the provisions of section 501, *supra*, as hereinabove outlined, the motion of defendant to dismiss this case is granted, and an exception to said ruling is allowed plaintiff.

In view of my conclusion, it is unnecessary for me to discuss the merits of this case. Judgment will be rendered accordingly.