GENERAL FIRE EXTINGUISHER CO. *v.* UNITED STATES

**No. 6230.**—Invoice dated Montreal, Canada, March 1, 1943.
     Certified March 2, 1943.
     Entered at Providence, R. I., March 19, 1943.
     Entry No. 307.

(Decided November 1, 1945)

Plaintiff not represented by counsel.

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

LAWRENCE, Judge: When this appeal for reappraisement was called for hearing, a record was made from which I quote in part as follows:

Mr. FITZGIBBON. If the court please, the records in this case show that the notice of appraisement was mailed to the importer on August 9, 1943. The appeal to reappraisement was received on September 9, 1943, which is 31 days thereafter. Under section 501 of the Tariff Act of 1930, the appeal to reappraisement must be filed with the collector within thirty days of the date of the mailing of the notice of appraisement.

There is correspondence in the file from the importer to the effect that the letter containing the appeal to reappraisement was taken to the collector's office on September 8th, but because the collector's office was closed—it was after closing hours—the letter was mailed on that same day, and that the date of the envelope will show that it was mailed September 8th. The importer therefore argues that it was filed within the thirty days. On that statement of facts, the Government moves to dismiss the case.

    \*       \*       \*       \*       \*       \*       \*

Mr. HART. According to our file here, the papers were given to a mailing clerk to take down personally on the 8th, and he left the office at 4 o'clock. The office is within 15 or 20 minutes walking distance, and when he got there, the office was supposed to have been closed. It was our understanding that the office did keep open until 5 o'clock. Because of that, it was mailed that same day, the 8th.

Judge LAWRENCE. You are speaking of the office of the collector of customs?

Mr. HART. Yes, sir.

Judge LAWRENCE. Did you personally perform this errand that you have described, or some member of your office?

Mr. HART. No, sir.

Judge LAWRENCE. So that you don't know personally when the messenger, or whoever it was, arrived at the custom house?

Mr. HART. No, I don't.

Judge LAWRENCE. Do you know, Mr. FitzGibbon?

Mr. FITZGIBBON. I do not know, no, sir.

Judge LAWRENCE. Is there any evidence that the custom house was closed?

Mr. HART. No, the mailing boy is not there. It is such a big turnover of them, that the particular boy isn't there:

Judge LAWRENCE. Well then Mr. FitzGibbon, is there any evidence as to the time when the notice of appeal was filed or attempted to be filed?

Mr. FitzGibbon. Well the only evidence is that it was received by the collector on September 9th.

Judge Lawrence. By mail?

Mr. FitzGibbon. By mail.

Judge Lawrence. Which was 31 days after the notice of advance.

Mr. FitzGibbon. That is quite right.

Judge Lawrence. Well have you anything further to offer Mr. Hart?

Mr. Hart. No, Judge Lawrence, except that which I just mentioned. * * *

Inasmuch as there is evidence that the collector did not receive the appeal until September 9, 1943, and there is no proof to the contrary, I am constrained to hold that the appeal was not filed within the time prescribed by the statute. Compare *Psaki Bros.* v. *United States*, 3 Ct. Cust. Appls. 479, T. D. 33122 (24 Treas. Dec. 93).

The motion to dismiss the appeal is therefore granted and judgment will be entered accordingly.