## THALSON CO. *v.* UNITED STATES

No. 8080.—

Entry No. 700583.

(Order dated January 31, 1952)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* and *Frank L. Lawrence* of counsel) for the plaintiff.

*Charles J. Wagner*, Acting Assistant Attorney General (*John J. Antus*, special attorney), for the defendant.

### ORDER

MOLLISON, Judge: This case is before me upon a motion made by the plaintiff to dismiss the appeal for reappraisement involved on the ground that it was prematurely filed, and also upon a motion made by the defendant to dismiss the appeal on the ground that it was filed too late.

The basis of plaintiff's motion to dismiss is that "appraisement has not been made," and involves the following situation: Upon the face of the so-called "summary sheet," customs Form No. 6417, attached to the entry, there is printed a form for a report by the appraiser to the collector as to the results of his examination and ap-

praisement of the merchandise. At the top of such form there is a printed date line, presumably for the use of the appraiser in dating the report to the collector. It appears that in the present instance the appraiser did not insert a date on that line, but rubber-stamped a date "Jun 6–1947" underneath his signature.

The statement of counsel for the plaintiff in support of his motion, made at the time the motion was made when the case was called for hearing, is as follows:

* * * The court will note on the summary sheet the place where the date is required, there is nothing there. In the lower lefthand side Mr. Flynn signed the document, and he also put a date there. (Tr. p. 3.)

In the brief filed by counsel for the plaintiff opposing the defendant's motion to dismiss, plaintiff's own motion is not treated except as follows:

Plaintiff's motion to dismiss on another ground is not insisted on at this time.

In view of the fact that plaintiff's motion is addressed to the jurisdiction of the court, it is deemed necessary to dispose of it as early in the proceedings as practicable. The court assumes that the gist of plaintiff's motion is that the failure to insert the date of the report on the printed date line invalidates the appraisement.

From the proximity of the rubber-stamped date "Jun 6–1947" to the signature of the appraiser, it can hardly be questioned that the same was intended to indicate the date when the signature was placed on the report or summary sheet. It is true that the mere signing of the summary sheet is not by itself evidence of the fact that appraisement was "made", i. e., completed, for there still remains to be performed the acts of transmitting the report of appraisement to the collector (*Igstaedter & Co.* v. *United States*, 11 Ct. Cust. Appls. 477, T. D. 39570), and, where required, of written notice of appraisement (*Peabody & Co.* v. *United States*, 12 Ct. Cust. Appls. 354, T. D. 40491). However, as written notice of appraisement was mailed, according to the official papers before us, by the collector on July 24, 1947, it would appear that the appraiser had transmitted his report to the collector at some time before that date. At least, nothing to the contrary has been shown here. It does not appear, therefore, that any defect of substance in connection with the appraisement has been shown.

Counsel for the plaintiff has pointed to no requirement of law or regulations providing that the date of appraisement must appear on the printed date line, so that the failure to place the date on the said date line is not a defect of form. In these circumstances, it must be held that the motion to dismiss made on behalf of the plaintiff is without merit and must be denied.

The motion made on behalf of the defendant to dismiss the appeal as having been filed too late is based upon the following circumstances: As has been said, according to a notation on the summary sheet and a copy found with the official papers, the notice of appraisement prescribed by section 501 of the Tariff Act of 1930, as amended, was mailed to the importer on July 24, 1947. Section 501, *supra*, provides that—

* * * The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is * * * filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney.

The 30th day after July 24, 1947, was August 23, a Saturday. The appeal for reappraisement shows on its face that it was received at the collector's office on Monday, August 25, 1947. It is conceded by counsel for the defendant that the customhouse at New York, the port of entry, was closed on Saturday, August 23, 1947, and in the brief filed on behalf of the defendant, section 1.8 of the Customs Regulations of 1943, as amended, prescribing the hours of business of customs offices, is cited as authority for such closing. So far as pertinent, the said article reads as follows:

**1.8 Hours of business.**—(a) Except as hereinafter specified, each customs office shall be open for the transaction of general customs business between the hours of 8:30 a. m. and 5 p. m. on all days of the year except Saturdays, Sundays, and national holidays.

In the brief filed on behalf of the defendant in support of its motion, counsel for the Government has cited numerous decisions of this and appellate courts applying, in general, a strict construction of the provisions in customs laws fixing the time in which pleadings or other documents must be filed. Among such cited cases are *Regal Manufacturers Supply Co.* v. *United States*, 6 Cust. Ct. 952, Reap. Dec. 5257; *General Fire Extinguisher Co.* v. *United States*, 15 Cust. Ct. 449, Reap. Dec. 6230; *Page N. Goffigon* v. *United States*, 24 Cust. Ct. 81, C. D. 1212; *Gallagher* v. *United States*, 1 Ct. Cust. Appls. 69, T. D. 31034; *Talbot* v. *United States*, 1 Ct. Cust. Appls. 415, T. D. 31483; *Psaki Bros.* v. *United States*, 3 Ct. Cust. Appls. 479, T. D. 33122; and *Shefer* v. *Magone*, 47 Fed. 872.

On behalf of the plaintiff, it is urged that recently in the judicial interpretation of analogous rules and statutes with respect to periods of limitation, a trend toward liberal application is manifest, and that it would not only be confusing and otherwise unfortunate if the interpretation of such rules and statutes in this court should conflict with that applied everywhere else, but that § 2071 of the Judiciary and Judicial Procedure Act of 1948 (28 U. S. C. § 2071) would seem to require consistency.

Plaintiff cites rule 6 (a) of the Federal Rules of Civil Procedure, prescribed by the Supreme Court of the United States under § 2072 of the Judiciary and Judicial Procedure Act (title 28, U. S. C.) to govern the procedure in the United States district courts, which rule has the concurrence of Congress, as an indication of the liberal approach in the application of periods of limitation which has been made by the Supreme Court and the Congress. The said rule, under the caption "Time," reads as follows:

(a) **Computation.** In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday.

In the case of *Union National Bank* v. *Lamb*, 337 U. S. 38, it appeared that under § 2101 (c) of title 28, U. S. C., the last day of the period within which a review by that Court on appeal or certiorari might be applied for fell on a Sunday. The application was made on the following day, and in holding that such application was timely, Mr. Justice Douglas, writing for the Court (the dissent filed was on other grounds), said:

\* \* \* There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday. Thus *Street* v. *United States*, 133 U. S. 299, treating Sunday as a *dies non* under a statute which authorized the President to transfer army officers from active duty and to fill vacancies in the active list on or before January 1, 1871, allowed the action to be taken on the following day. We think the policy of that decision is applicable to 28 U. S. C. § 2101 (c). Rule 6 (a) of the Rules of Civil Procedure provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by "any applicable statute." Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in rule 6 (a) are equally applicable to 28 U. S. C. § 2101 (c). The appeal therefore did not fail for lack of timeliness.

It will be noted that rule 6 (a) did not directly apply to the situation, being for the governance of the district courts of the United States, but in view of "the considerations of liberality and leniency which find expression" therein, and the facts that the rule had the concurrence of Congress and there was no contrary policy expressed in § 2101, the Court was moved to apply it to the situation before it. In other words, it is clear that the Supreme Court considered the rule to be in effect an expression of the public policy in relation to

statutes of limitation, to be followed unless a contrary policy is expressed in the particular statute under consideration.

It is true, as pointed out by counsel for the defendant, that the situation covered by rule 6 (a) and that which occurred in the *Union National Bank* v. *Lamb* case, *supra*, and in the cases cited by counsel for the plaintiff in which the rule of the latter case was followed, were those in which the last day for performance fell on a Sunday or a legal holiday, whereas the situation in the case at bar is one where the last day for performance fell on a Saturday.

It can hardly be doubted, however, that the consideration which obviously led to the formulation of the rule, i. e., that the place where the performance is required to be done is not open or available on Sundays or legal holidays, obtains also in the case of the now prevalent practice, widespread in commerce, industry, as well as in Government, of Saturday closing. This was recognized in the case of *Jacobs Pharmacy Co., Inc.* v. *United States*, 71 F. Supp. 584, a case very similar on its facts to the case at bar. There, the last day of the period provided under section 3250 of the Internal Revenue Code, as amended (26 U. S. C. § 3250), within which the claimant might file with the collector of internal revenue a claim for internal revenue drawback taxes fell on Monday, December 31, 1945. The collector's office was closed on that day in accordance with departmental instructions designating the hours of duty for the Christmas and New Year holiday season. Upon finding the office closed, the claimant mailed the claim, properly addressed and stamped, to the collector of internal revenue. The following day was New Year's Day, a legal holiday, and the claim was not marked filed by the collector until the office reopened on January 2, 1946.

The claim was rejected by the Commissioner of Internal Revenue as untimely, whereupon the claimant brought suit against the United States in the United States District Court for the Northern District of Georgia to recover the taxes. The defendant moved to dismiss on the ground that the plaintiff had failed to file its claim for the drawback within the period permitted by the law. In opposition, the plaintiff made two alternative contentions: (1) That December 31, 1945, was not a legal holiday and that the closing of the office on that day denied it full opportunity to file its claim and that its efforts to do so and the actual filing of the claim in the only way it could was compliance with the law; or (2) that if December 31, 1945, was considered as a holiday, then under both the common law and rule 6 (a) of the Federal Rules of Civil Procedure, the time for filing was extended until the next day which was not a Sunday or a holiday, to wit, January 2, 1946.

In overruling and denying the motion to dismiss, the court said:

(1) As to plaintiff's first contention, we see that the Collector, by his authorized method of doing business, prevented direct filing of the claim with an employee

in the Collector's office on December 31st. Plaintiff did everything possible to do so. In this situation, the language of Chief Justice Vinson, then Associate Justice of the United States Court of Appeals for the District of Columbia (Justice Rutledge concurring), seems to be appropriate and expresses my own view, to-wit: "In this type of case, for example, if a petitioner just misses the 90th day, his relief is completely barred for the Board loses jurisdiction. Likewise, we believe that a full opportunity, an open door, must be maintained for the potential filer until the clock strikes. * * * The Board cannot by rules or conduct limit the time or opportunity for filing given by statute." McCord v. Commissioner of Internal Revenue, 74 App. D. C. 369, 123 F. 2d 164, 165.

For a ruling to the same effect, see the opinion in the case of Sherwood Bros. v. District of Columbia, 72 App. D. C. 155, 113 F. 2d 162, written by present Justice Rutledge and concurred in by present Chief Justice Vinson.

With respect to the plaintiff's second contention, the court held that rule 6 (a) was applicable to the situation and was of the opinion that under either theory of the case, the motion to dismiss was not good.

The decision in the case of *McCord* v. *Commissioner*, cited and quoted in the opinion in the *Jacobs Pharmacy Co., Inc.*, case, *supra*, is one which demonstrates the modern liberal approach to situations such as that in the case at bar. There, the plaintiff, a taxpayer located in Los Angeles, sought to file a petition with the then Board of Tax Appeals for the redetermination of deficiencies in income taxes and penalties. The 90-day statutory period for such filing ended on January 8, 1940, a Monday. On January 6, 1940, counsel for the plaintiff sent the petition and filing fee to the Clerk of the Board of Tax Appeals in Washington by registered special delivery air mail. Because of bad weather, the airplane carrying the mail was grounded, and on Monday, January 8, 1940, the plaintiff prepared and sent by commercial wire a telegraphic petition.

The Board of Tax Appeals had an arrangement with the commercial telegraph company to deliver all messages for it over a Government telegraph wire. After receipt of the telegraphed petition, the commercial telegraph company was unable to deliver the same because the Government telegraph wire was being used for outgoing messages, which had a priority, and, as a consequence, the petition was not delivered to the Government operator until after the board's office had closed for the day in accordance with its rules.

The board dismissed the petition for lack of jurisdiction because it had not been filed within the 90-day statutory period. As is apparent from the excerpt from the decision of the Court of Appeals for the District of Columbia in the *McCord* case, quoted in the opinion in the *Jacobs* case, *supra*, the board's decision was reversed and the appellate court held that the facts showed a filing on January 8.

It is manifest that the plaintiff herein could not have filed the appeal for reappraisement on Saturday, August 23, 1947, the 30th day after the date of mailing of written notice of appraisement, for

the reason that the collector's office, the place where such filing is required to be done, was closed on that day pursuant to departmental regulations, nor could such filing have been done on the following day, Sunday, August 24, 1947, for the same reason.

The writer is of the opinion that the 30-day statute of limitations contained in section 501, *supra*, must be construed in the light of the liberal and lenient congressional policy which has been manifested in its concurrence in rule 6 (a), *supra*, and carried into effect by the decisions of the Supreme Court of the United States and other courts of the United States, as hereinbefore noted, and that so construed, the appeal for reappraisement herein was timely.

The motion to dismiss the appeal as untimely is therefore denied, and the case will be restored to the San Francisco calendar.