(C. D. 1388)

HAWAIIAN OKE & LIQUORS, LTD. *v.* UNITED STATES

United States Customs Court, Third Division

(Dated February 6, 1952)

*Lawrence, Tuttle & Harper* (*Walter I. Carpeneti* and *Frank L. Lawrence* of counsel) for the plaintiff.

*Charles J. Wagner*, Acting Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: This case is before us on a motion to dismiss, filed by the Government, on the ground that the protest was not filed within the 60-day statutory period. (Section 514, Tariff Act of 1930.) Liquidation was had on October 5, 1948. The 60-day period expired on Saturday, December 4, 1948. At that time customhouses were not open for the transaction of general customs business on Saturdays. (Section 1.8, Customs Regulations of 1943, as amended.) The record shows that on the Saturday in question the liquidating division of the customhouse, where protests are filed, was closed. In the office of the marine division, however, which operates under the navigation laws, a marine officer was on duty for special matters having to do with the entrance and clearance of vessels. Said marine division had no authority to accept protests filed under section 514 of the Tariff Act of 1930. A member of the firm of counsel for the plaintiff personally took the protest to the customhouse on the Saturday in question, although he knew it was closed to general customs business and that only the marine division was open. He left the protest in the marine division. On the protest we find in handwriting the notation "Rec'd in Marine Div. F. T. Hunter." This notation is stamped "Dec. 4, 1948." The testimony shows that F. T. Hunter was the marine officer on special duty for the clearance of vessels on said December 4, 1948. The protest also bears the

usual official stamp showing that it was received in the liquidating division of the collector's office on December 6, 1948.

It is contended on behalf of the plaintiff that the protest is timely. In the brief filed on behalf of the Government, the statement is made that the Assistant Attorney General has been notified by letter that plaintiff's counsel will rely upon rule 6 (a) of the Federal Rules of Civil Procedure in support of its claim that the protest is timely, having been filed in the liquidating division on Monday, December 6, the 62d day after liquidation.

On behalf of the Government, it is contended that not only did the fact that the protest was deposited in the marine division not constitute filing within the meaning of the statute, but that rule 6 (a) of the Federal Rules of Civil Procedure has no application to the instant situation, because that rule relates only to Sundays and legal holidays but does not include Saturdays.

Said rule 6 is in the following language:

**Rule 6. Time.**

**(a) Computation.** In computing any period of time, prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday.

The pertinent portions of section 514, *supra*, are as follows:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

 * * * all decisions of the collector * * * as to the rate and amount of duties chargeable, and as to all exactions of whatever character * * * and his liquidation or reliquidation of any entry * * * shall, upon the expiration of sixty days after the date of such liquidation * * * be final and conclusive upon all persons * * * unless the importer, consignee, or agent of the person paying such charge or exaction * * * shall, within sixty days after, but not before such liquidation * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry * * * the reasons for the objection thereto. * * *

The customs regulations, promulgated under the general authority granted in section 624 of the Tariff Act of 1930, are found in the Customs Regulations of 1943 and are as follows:

**1.8 Hours of business.**—(a) Except as hereinafter specified, each customs office shall be open for the transaction of general customs business between the hours of 8:30 a. m. and 5 p. m., on all days of the year except Saturdays, Sundays, and national holidays.*

---

*The national holidays are January 1, February 22, May 30, July 4, the first Monday in September, November 11, the fourth Thursday in November, and December 25. If a holiday falls on Sunday, the following day will be observed. (E. O. No. 1076, May 22, 1909.) Other days may be designated as national holidays by Executive order of the President.

It is the contention of the plaintiff that customs regulation 1.8, *supra*, under the terms of which the customhouse was closed on the Saturday in question, has the force of law inasmuch as it has been held that "There is nothing unreasonable in this regulation nor is it contrary to law." *Goffigon* v. *United States*, 24 Cust. Ct. 81, C. D. 1212, adhered to on rehearing, 25 Cust. Ct. 188, C. D. 1284. Accordingly, it is contended that Saturday was a "holiday," as that term is defined in Webster's International Dictionary, viz:

**3.** A day fixed by law for the suspension of business in whole or in part; a legal holiday. \* \* \*

Under this premise, counsel for the plaintiff submits that decisions as to whether holidays shall be included or excluded in a statutory period such as the one here involved are pertinent. As indicative of the recent attitude of the Supreme Court, counsel cites the case of *Union National Bank* v. *Lamb*, 337 U. S. 38; rehearing denied, 337 U. S. 928. There, an appeal was filed on the 91st day, although the statute (28 U. S. C. § 2101 (c)) required that such filing take place within a 90-day period. In that case, the 90th day fell upon a Sunday. The court, in holding that the filing on the following Monday "did not fail for lack of timeliness," said:

\* \* \* There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday. Thus *Street* v. *United States*, 133 U. S. 299, treating Sunday as a *dies non* under a statute which authorized the President to transfer army officers from active duty and to fill vacancies in the active list on or before January 1, 1871, allowed the action to be taken on the following day. We think the policy of that decision is applicable to 28 U. S. C. § 2101 (c). Rule 6 (a) of the Rules of Civil Procedure provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by "any applicable statute." Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6 (a) are equally applicable to 28 U. S. C. § 2101 (c). The appeal therefore did not fail for lack of timeliness.

In a footnote to the sentence referring to the "contrariety of views," there are cited *"pro"* and *"contra"* decisions. None of these cases involves the question here presented, i. e., whether Saturday, which in this case is a *dies non*, may be construed to be a "holiday" within the meaning of the decisions. While the above case, therefore, is not a precedent in the issue before us, it is indicative of the more liberal attitude of the courts in interpreting statutes of limitation.

On the issue as to whether the attempted filing of the protest with an employee in the marine division of the customhouse constituted a compliance with the statute, the law is well settled that such action does

not constitute a legal filing. See *Shefer* v. *Magone*, 47 Fed. 872; *Hermann* v. *United States*, 66 Fed. 721; *Mowat* v. *United States*, 2 Treas. Dec. 471,T. D. 21628, G. A. 4563; *Bolognesi* v. *United States*, 9 Treas. Dec. 938, T. D. 26414, G. A. 6055; and *Psaki* v. *United States*, 3 Ct. Cust. Appls. 479, T. D. 33122. The cited cases held that depositing a protest, after regular office hours, with an employee not authorized to handle such matters, will not constitute a proper filing thereof. This rule has also been applied consistently with respect to the timely filing of customs entries and withdrawals. *Gallagher* v. *United States*, 1 Ct. Cust. Appls. 69, T. D. 31034, is a case in point. There, a warehouse withdrawal with tender of duties on the last day, after office hours and at a time when the employee ordinarily assigned to receive such documents was no longer in the customhouse, was held to be not a proper filing on that date. See also *Navailles* v. *United States*, 1 Cust. Ct. 17, C. D. 5, and *Goffigon* v. *United States, supra.*

In the *Gallagher* case, *supra*, the court quoted from the customs regulations then in force establishing the hours of business for the customs service and then stated:

The hours fixed by this regulation are wholly reasonable. Common knowledge of the usual way in which business affairs are conducted tells us that the regulation accords with the ordinary convenience of merchants in their daily transactions; hence we conclude that appellants have no ground for complaint against the collector in refusing their tender at 5:30 o'clock on August 5, unless the customhouse was actually opened for business when the tender was made and refused, or unless, on August 5, 1909, the situation became such that there arose a necessity of the public service which made it the duty of the collector to have prolonged the hours of business until 5:30 o'clock.

Upon the first point, however, the evidence is that when Mr. Gallagher went into the customhouse the cashier and most of the entry clerks had gone, and that the office was not open for the general transaction of business, and that it was not meant that it should be. The mere fact that Mr. Gallagher could enter, and that there was a deputy collector and several clerks in the office when he went in, signifies very little. For all that appears the door may have been left open for temporary convenience, and the few officials there may have remained to close up the business of the day, or may have tarried for their mere personal accommodation.

On the second point raised in the instant case, viz, whether the filing of the protest on Monday, the next business day after the Saturday closing of the customhouse, constituted a legal filing, we find a situation directly in point in the case of *Jacobs Pharmacy Co., Inc.* v. *United States*, 71 Fed. Supp. 584. There, an employee of the plaintiff corporation went to the office of the collector of internal revenue in order to file a claim for drawback on the last day allowed by statute. Finding the office closed in accordance with departmental instructions, designating hours of duty for the holiday season, he immediately deposited said claim in the mail. It was held that this constituted compliance with the law, and that such filing was timely. There, plaintiff made two contentions, (1) that December 31, on which day personal filing was attempted, "was not a legal holiday and that the clos-

ing of the office on that day denied it full opportunity to file its claim and that its efforts to do so and the actual mailing of the claim, the only way it could effect delivery to the office on that day, was compliance with the law. Second, that if December 31st should be considered as a holiday, then under both the common law and the Federal Rules of Civil Procedure, the time for filing the claim was extended to the first work day thereafter, which was January 2, 1946, the day on which it is conceded that the claim was endorsed as filed." The court in rendering its decision used the following language:

As to plaintiff's first contention, we see that the Collector, by his authorized method of doing business, prevented direct filing of the claim with an employee in the Collector's office on December 31st. Plaintiff did every thing possible to do so. In this situation, the language of Chief Justice Vinson, then Associate Justice of the United States Court of Appeals for the District of Columbia (Justice Rutledge concurring), seems to be appropriate and expresses my own view, to-wit: "In this type of case, for example, if a petitioner just misses the 90th day, his relief is completely barred for the Board loses jurisdiction. Likewise, we believe that a full opportunity, an open door, must be maintained for the potential filer until the clock strikes. * * * The Board cannot by rules or conduct limit the time or opportunity for filing given by statute." McCord v. Commissioner of Internal Revenue, 74 App. D. C. 369, 123 F. 2d 164, 165.

Under authority of the above decision, we hold that the 60-day period for the filing of the instant protest was extended until the next business day at which time, the endorsement on the protest shows, the protest was filed. The protest was therefore timely.

The motion to dismiss is denied.