BEFORE THE FIRST DIVISION, APRIL 23, 1953

No. 57260.—Railway Express Agency, Inc. *v.* United States, protest 153518–K (Ogdensburg).

OLIVER, Chief Judge: This case is before us on a motion to dismiss, made by the Government, on the ground that the protest was not filed within the 60-day statutory period (section 514, Tariff Act of 1930).

The pertinent portions of section 514, *supra,* are as follows:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

* * * all decisions of the collector * * * as to the rate and amount of duties chargeable, and as to all exactions of whatever character * * * and his liquidation or reliquidation of any entry * * * shall, upon the expiration of sixty days after the date of such liquidation * * * be final and conclusive upon all persons * * * unless the importer, consignee, or agent of the person paying such charge or exaction * * * shall, within sixty days after, but not before such liquidation * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry * * * the reasons for the objection thereto. * * *

Plaintiff concedes, and the record indicates, that the 60th day after liquidation fell on a Sunday and that the involved protest was filed the next day, the 61st day after liquidation.

The latest expression of this court on the question of periods of limitation under the tariff act may be found in the cases of *Thalson Co.* v. *United States,* 28 Cust. Ct. 536, Reap. Dec. 8080, and *Hawaiian Oke & Liquors, Ltd.* v. *United States,* 28 Cust. Ct. 58, C. D. 1388. In the *Thalson* case, *supra,* the 30th day within which the plaintiff could have filed its appeal for reappraisement, pursuant to the provisions of section 501 of the Tariff Act of 1930, as amended, fell on a Saturday, a day upon which the collector's office was closed in accordance with departmental regulations. In holding that the filing of an appeal on the Monday following was timely, the court stated:

It is manifest that the plaintiff herein could not have filed the appeal for reappraisement on Saturday, August 23, 1947, the 30th day after the date of mailing of written notice of appraisement, for the reason that the collector's office, the place where such filing is required to be done, was closed on that day pursuant to departmental regulations, nor could such filing have been done on the following day, Sunday, August 24, 1947, for the same reason.

The writer is of the opinion that the 30-day statute of limitations contained in section 501, *supra,* must be construed in the light of the liberal and lenient congressional policy which has been manifested in its concurrence in rule 6 (a), *supra,* and carried into effect by the decisions of the Supreme Court of the United States and other courts of the United States, as hereinbefore noted, and that so construed, the appeal for reappraisement herein was timely.

Rule 6 (a) of the Federal Rules of Civil Procedure, prescribed by the Supreme Court of the United States under § 2072 of the Judiciary and Judicial Procedure Act (title 28, U. S. C.) to govern the procedure in United States district courts, to which rule the court in the *Thalson Co.* case, *supra,* adverted, reads as follows:

**Rule 6. Time.**

(a) **Computation.** In computing any period of time, prescribed or allowed by these rules, by order of court, or by any applicable statute. the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days,. intermediate Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday.

The *Hawaiian Oke & Liquors, Ltd.* case, *supra*, involved a situation where the 60-day period for the filing of a protest fell on a Saturday. The court therein held that the filing of the protest on Monday, the next business day after the Saturday closing of the customhouse, constituted a legal filing.

We are not unmindful of the holding of the Court of Customs Appeals in *Psaki Bros.* v. *United States*, 3 Ct. Cust. Appls. 479, T. D. 33122, to which the Government in its brief herein directs our attention. That case arose under the Tariff Act of 1890. Our appellate court held that when the 10-day limit for filing a protest expired on a Sunday, it was not a seasonable compliance when the protest was filed on the Monday morning ensuing. We are of opinion, however, that the 60-day statute of limitations contained in section 514 of the Tariff Act of 1930 here in question is subject to the more liberal interpretation indicated by this court in the *Thalson Co.* and the *Hawaiian Oke & Liquors, Ltd.*, cases, *supra*. Accordingly, under the authority of the above decisions, we hold that the 60-day period for the filing of the instant protest was extended until the next business day, at which time it appears this protest was filed. The protest was, therefore, timely. The motion to dismiss the protest as untimely is accordingly denied.

At the trial, it was stipulated between counsel for the respective parties that the merchandise involved in this protest is the same in all material respects as the merchandise under consideration in the case of *Railway Express Agency, Inc.* v. *United States*, 27 Cust. Ct. 91, C. D. 1353, wherein this court held that certain baby shoes were dutiable under paragraph 1530 (e) of the Tariff Act of 1930, as modified by the Swiss Trade Agreement, T. D. 48093, as "Turn or turned boots and shoes," at the rate of 10 per centum ad valorem. In accordance with the said stipulation, the protest claim herein that the involved merchandise, assessed at 20 per centum ad valorem under paragraph 1530 (e), is dutiable at the rate of 10 per centum ad valorem under the provisions of paragraph 1530 (e) of the Tariff Act of 1930, as modified by T. D. 45311, for "turn or turned boots and shoes" is sustained. Judgment will be rendered accordingly.