**CASALDUC v. DIAZ et al.**

**No. 3639.**

Circuit Court of Appeals, First Circuit.

Feb. 18, 1941.

Rehearing Denied March 20, 1941.

Harry M. Besosa, of San Juan; Puerto Rico, for appellant.

Henri Brown, of San Juan, Puerto Rico, for appellees.

Before MAGRUDER, and MAHONEY, Circuit Judges, and FORD, District Judge.

PER CURIAM.

Appellees move to dismiss this appeal, which is brought under Section 25 of the Bankruptcy Act as amended, 52 Stat. 855, 11 U.S.C.A. § 48. The ground of the motion is that the notice of appeal was not filed with the District Court within the statutory period of forty days from the date of the entry of the order.

The last day on which an appeal could have been taken was Saturday, September 14, 1940. According to the record, the notice of appeal was filed in the office of the clerk of the District Court on Monday, September 16, 1940.

An affidavit by counsel for appellant, in explanation of the late filing, states that counsel went to the office of the clerk on Saturday afternoon, September 14, between 2 and 4 P. M. to file the notice of appeal; that the office was closed and no person was there to take the said notice; that counsel then slid the notice under the door of the clerk's office. On Monday counsel called at the clerk's office and was told by the clerk that the notice had not been found, so a new notice was thereupon prepared and filed.

The clerk of the District Court certifies that she knows nothing of any attempt by counsel to get in touch with her on Saturday; that her correct telephone number and residence appear in the telephone directory; that since 1926 the office has been closed on Saturday afternoon in accordance with Rule 41 of the District Court, reading as follows:

"The office of the clerk of this court shall be kept open every day from 8:30 o'clock A. M. to 12 o'clock, and from 1:30 P. M. to 5 P. M., except Sundays and legal holidays. On Saturdays he shall keep his office open until noon."

■ On these facts we hold that the notice of appeal was not filed with the District Court on September 14, within the meaning of Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Lewis-Hall Iron Works v. Blair, 57 App.D.C. 364, 23 F.2d 972. See W. J. White Co. v. Winton, 41 Cal.App. 693, 183 P. 277. Therefore the appeal must be dismissed for lack of jurisdiction.

"Filing" means delivery of the paper into the actual custody of the proper officer. The Washington, 2 Cir., 16 F.2d 206, 208; Lewis-Hall Iron Works v. Blair, 57 App.D.C. 364, 23 F.2d 972, 974. In the latter case the Commissioner of Internal Revenue had determined a deficiency against a taxpayer. By statute the taxpayer had a period of sixty days within which to file before the Board of Tax Appeals a petition for redetermination of the deficiency. By rule of the Board its office at Washington, D. C., closed at 4:30 P. M. At 7:10 P. M. of the final day the taxpayer slid a petition through the slot of the door of the room where mail addressed to the Board was usually delivered, and there the Board found it the next morning, one day late. It was held that the Board was without jurisdiction to entertain the petition, because it was not filed within the sixty-day period.

■ It is contended that Rule 41 of the District Court providing that on Saturday the clerk's office shall be kept open until noon is in conflict with Rule 77(c) of the Federal Rules of Civil Procedure. Rule 77(a) and (c) reads:

"(a) District Courts Always Open. The district courts shall be deemed always open for the purpose of filing any pleading or other proper paper, of issuing and returning mesne and final process, and of making and directing all interlocutory motions, orders, and rules. * * *

"(c) Clerk's Office and Orders by Clerk. The clerk's office with the clerk or a deputy in attendance shall be open during business hours on all days except Sundays and legal holidays. All motions and applications in the clerk's office for issuing mesne process, for issuing final process to enforce and execute judgments, for entering defaults or judgments by default, and for other proceedings which do not require allowance or order of the court are grantable of course by the clerk; but his action may be suspended or altered or rescinded by the court upon cause shown."

The term "business hours" is not defined in the rule. In its natural sense, the term means those hours during which persons in the community generally keep their places open for the transaction of business. The long usage in Puerto Rico, as in many other places, is that business hours

on Saturdays do not extend to the afternoon. See Lopez v. Cortes, 35 P.R.R. 577. The District Court had full authority to provide by rule for the closing of the clerk's office on Saturday afternoon. Rule 6(a) of the Federal Rules of Civil Procedure, if it applies at all to jurisdictional statutes, gives the appellant no support, for the rule recognizes the existence of half holidays, and provides that in spite of the closing of offices during half of the day no additional time will be allowed for the filing of a paper.

This does not mean, as appellant supposes, that his statutory right of appeal has been curtailed by the fractional part of a day. His argument, if sound, would be equally applicable if the clerk's office were kept open until 5 P. M. on Saturday and someone wanted to file a notice of appeal later during that day. Rule 77(a), quoted above, covers this situation in providing that the District Courts shall be deemed always open for the purpose of filing any paper. A person wishing to file a notice of appeal after closing hours on the last day may seek out the clerk or deputy clerk, or perhaps the judge (but see In re Gubelman, 2 Cir., 10 F.2d 926, 929), and deliver the notice to him out of hours. The notice of appeal would then be filed within the statutory period.

The appeal is dismissed for want of jurisdiction.