## McCORD v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7705.

United States Court of Appeals for the District of Columbia.

Decided Oct. 28, 1941.

Clark J. Milliron, of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, Helen R. Carlson, and S. Dee Hanson, Sp. Assts. to Atty. Gen., and J. P. Wenchel and Charles E. Lowery, both of Washington, D. C., Bureau of Internal Revenue, for respondent.

Before MILLER, VINSON, and RUTLEDGE, Associate Justices.

VINSON, Associate Justice.

The taxpayer filed a. petition with the Board of Tax Appeals for the redetermination of deficiencies in income taxes and penalties. The Board dismissed the petition for lack of jurisdiction, because it concluded that the petition had not been filed within the 90 day statutory period. A review of that conclusion is before us.

The ninety day period in this case ended on January 8, 1940. On Saturday, January 6, 1940, counsel for the taxpayer sent the petition and filing fee to the Clerk of the Board of Tax Appeals by registered special delivery air mail. On Monday, January 8th, at 12:14 P. M. Pacific and 3:14 P. M. Eastern Time, counsel for taxpayer wired the Clerk requesting him to telegraph collect as to whether the McCord petition was filed. The message was received by the Board at 4:04. Just after counsel sent this message, he learned, through inquiry, that the aeroplane carrying the letter he sent Saturday had probably been grounded and the letter forwarded by regular mail. Hence, he immediately prepared a telegraphic petition. This petition was filed in Los Angeles at 4:00 P. M. Eastern Time. It arrived at Western Union's Washington office at 4:12. The Washington operator called for a correction; it was received at 4:24.

Western Union had been instructed by the Board to deliver all messages for it over the government telegraph wire. The government telegraph office is open from 7:30 A. M. to 6 P. M. and has been authorized by the Board to receive its messages within these hours. Western Union was unable to send the message over the government wire at 4:24 because it was busy handling outgoing messages filed by the government which had priority. In fact counsel for the taxpayer received a telegram from the Board which was transmitted to Western Union's Washington office over the government wire at 4:49.

The telegraphic petition, after the delay from 4:24, was delivered by Western Union over the government wire to the government operator at 4:53. The Board's office hours (established by its rules) are from 9:00 A. M. to 4:30 P. M. Under instructions from taxpayer's counsel, Western Union delivered a copy of the telegraphic petition to the Clerk of the Board at his home at 10:20 P. M. on January 8th.

The registered special delivery air mail letter arrived at the Board on January 9th. The Board sent taxpayer's counsel an acknowledgment of the receipt of this petition.

If the petition is not filed with the Board on or before the 90th day, it does not have jurisdiction. So the sole question is whether these facts show a filing on January 8th.

Whenever one is dealing with a time limit, there are hard cases. The potential filer is held to a strict accounting; many excuses justified in fact are not acceptable in law. In this type of case, for example, if a petitioner just misses the 90th day, his relief is completely barred for the Board loses jurisdiction.[1] Likewise, we believe that a full opportunity, an open door, must be maintained for the potential filer until the clock strikes.

McCord, through his counsel, after special delivery registered air mail had failed him, turned to Western. Union. He chose that agent to take his message to the Clerk of the Board, the man authorized to receive the petition for filing. But when Western Union got to Washington, it found that it could not see the Clerk; the Board had directed that its messages had to be given to a government operator. McCord's agent then tried to hand the message to the government operator, but he was busy. Busy because outgoing messages have priority. Perchance this same Board, which had told Western Union to see the government operator instead of its Clerk, was keeping the operator busy. At least McCord received a message from the Board which went through the operator during this period. After a while Western Union gave the message to the operator, just like the Board had said, but by that time the door to the Board was closed.

Thus we see that the Board by its own method of doing business prevented direct filing by McCord's agent, Western Union. The method of filing upon which the Board insisted could not be carried out before 4:30. This was due to no fault of McCord's agent. Rather it was due to the fact that the government operator, acting pursuant to instructions, was busy transmitting outgoing messages which were given priority over incoming messages. The Board cannot by rules or conduct limit the time or opportunity for filing given by statute.[2] Moreover, the government operator, under the circumstances, must be regarded as an agent of the Board with whom a telegraphic petition may be left for filing.[3] The petition was received by this agent within his regular office hours. That constitutes timely filing. We hold that the petition for redetermination was filed within the 90 day statutory period.

Reversed.

---

[1] Stebbins' Estate v. Helvering, 74 App. D.C. ——, 121 F.2d 892; Lewis-Hall Iron Works v. Blair, 57 App.D.C. 364, 23 F.2d 972; Poyner v. Commissioner of Internal Revenue, 5 Cir., 81 F.2d 521; Edward Barron Estate Co. v. Commissioner of Internal Revenue, 9 Cir., 93 F.2d 751; Chambers v. Lucas, 59 App.D.C. 327, 41 F.2d 299. Contrast Board of Tax Appeals v. United States, 59 App.D.C. 161, 37 F.2d 442.

[2] This proposition of law is recognized in the last sentence of the Board's 61st Rule: " * * * when the time for performing any act is prescribed by statute nothing in *these rules* shall be deemed to be a limitation or extension of the statutory time period." (Italics supplied.)

Compare, Appeal of United Telephone Co., 1 B.T.A. 450; In re Von Borcke, D. C.N.J., 94 F. 352; Casalduc v. Diaz, 1 Cir., 117 F.2d 915; Ellard v. Goodall, 203 Ala. 476, 83 So. 568.

[3] Michigan Insurance Bank v. Eldred, 130 U.S. 693, 9 S.Ct. 690, 32 L.Ed. 1080. Compare, Mutual Life Insurance Co. v. Phinney, 178 U.S. 327, 20 S.Ct. 906, 44 L.Ed. 1088.