584

JACOBS PHARMACY CO., Inc., v.
UNITED STATES.

Civ. A. No. 3019.

District Court, N. D. Georgia,
Atlanta Division.

April 3, 1947.

Smith, Kilpatrick, Cody, Rogers & McClatchey and E. D. Smith, Jr., all of Atlanta, Ga., for plaintiff.

J. Ellis Mundy, U. S. Atty., and F. Douglas King, Asst. U. S. Atty., both of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

This case came on to be heard upon a motion to dismiss filed on behalf of the United States.

The petition alleges that plaintiff is entitled to recovery of drawback taxes, under provisions of Section 3250 of the Internal Revenue Code, as amended, 26 U.S.C.A.Int.Rev.Code, § 3250, following rejection of the claim by the Commissioner of Internal Revenue.

The ground of the motion to dismiss is that plaintiff failed to file its claim to the drawback within the three-month period next succeeding the quarter for which the drawback was claimed as required by law.

The facts as alleged in the complaint are that plaintiff undertook to file its claim for drawback of alcoholic taxes on December 31, 1945, the last day of the three-month period, but found, when its employee went personally to the Collector's office that it was closed for all of that day in accordance with Departmental Instructions designating the hours of duty for the Christmas and New Year holiday season. Upon finding the office closed, plaintiff's employee immediately took the claim to the Post Office and deposited it in the mail at 11:30 a. m., on December 31, 1945, properly addressed to the Collector of Internal Revenue, and properly stamped. The Collector's office was closed not only on December 31, 1945, but also the preceding day, which was Sunday, and the next succeeding day, which was January 1st, a legal holiday. Plaintiff alleges that the claim was actually delivered to the office of the Collector of Internal Revenue through the mails on December 31, 1945, but same was not marked filed until January 2, 1946.

Movant maintains that the above facts do not show a filing in pursuance of the requirements of the statute, while plaintiff makes two contentions, first, that December 31st was not a legal holiday and that the closing of the office on that day denied it full opportunity to file its claim and that its efforts to do so and the actual mailing of the claim, the only way it could effect delivery to the office on that day, was compliance with the law. Second, that if December 31st should be considered as a holiday, then under both the common law and the Federal Rules of Civil Procedure, the time for filing the claim was extended to the first work day thereafter, which was January 2, 1946, the day on which it is conceded that the claim was endorsed as filed.

■ As to plaintiff's first contention, we see that the Collector, by his authorized method of doing business, prevented direct filing of the claim with an employee in the Collector's office on December 31st. Plaintiff did every thing possible to do so. In this situation, the language of Chief Justice Vinson, then Associate Justice of the United States Court of Appeals for the District of Columbia (Justice Rutledge concurring), seems to be appropriate and expresses my own view, to-wit: "In this type of case, for example, if a petitioner just misses the 90th day, his relief is completely barred for the Board loses jurisdiction. Likewise, we believe that a full opportunity, an open door, must be maintained for the potential filer until the clock strikes. * * * The Board cannot by rules or conduct limit the time or opportunity for filing given by statute." McCord v. Commissioner of Internal Revenue, 74 App.D.C. 369, 123 F.2d 164, 165.

For a ruling to the same effect, see the opinion in the case of Sherwood Bros. v. District of Columbia, 72 App.D.C. 155, 113 F.2d 162, written by present Justice Rutledge and concurred in by present Chief Justice Vinson.

■ As to plaintiff's second contention, Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that, in computing time, "The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday." Application of this rule would make the filing of the claim within the time allowed.

The rule was so construed by the Circuit Court of Appeals for the Fifth Circuit in Wilson v. Southern Ry. Co., 5 Cir., 147 F.2d 165, where the Court say, on page 166, that, "The committee reports and discussions preliminary to the formulation of the rules indicate that the purpose was to change the method of computing the three-month period prescribed by the statute under consideration, and the language of the rule clearly effectuates that intent. The rule does not attempt to change a jurisdic-

tional statute, but merely provides a method of computing the statutory period different from that fixed by judicial decision. The rule is precisely applicable to the situation presented in this case, and we hold that the notice of appeal was filed within the time allowed." The ruling in the Sherwood case, supra, likewise construes this rule and its applicability in cases like the present.

In my opinion, on either theory of the case, the motion to dismiss is not good.

Whereupon, it is considered, ordered and adjudged that said motion to dismiss be, and same is, hereby overruled and denied.