(Reap. Dec. 8265)

THALSON CO. *v.* UNITED STATES

Entry No. 700583.

(Decided November 25, 1953)

*Lawrence, Tuttle & Harper (George R. Tuttle* and *Frank L. Lawrence* of counsel) for the plaintiff.

*Warren E. Burger,* Assistant Attorney General (*John J. Antus, Chauncey E. Wilowski,* and *Samuel D. Spector,* special attorneys), for the defendant.

MOLLISON, Judge: It has been agreed between the parties hereto that the appraisement in this case was made in the same manner as the appraisement in the case of *United States* v. *Gothic Watch Co.*, 23 Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States*, 19 Cust. Ct. 309, Reap. Dec. 7438; that the issues involved herein are the same in all material respects as the issues involved in the said cited case; and that the record in said cited case be incorporated as part of the record herein.

Counsel have also stipulated and agreed:

* * * that the above-enumerated appeal may be deemed submitted for decision upon this stipulation and the record heretofore made in this case, it being understood by the attorneys for the respective parties and the Court that the Government does not waive its right to continue to contend that the appeal for reappraisement filed herein by the importer is untimely, notwithstanding the order published as R. D. 8080, dated January 31, 1952, by which the Court denied the Government's motion to dismiss, and restored the case to the calendar.

In view of the portion of the stipulation just above quoted, the order made January 31, 1952, and reported under the style of *Thalson Co.* v. *United States*, 28 Cust. Ct. 536, Reap. Dec. 8080, is hereby reaffirmed and incorporated herein by reference as though fully set out.

Upon the agreed facts, I find and hold that the attempted appraisement embodied in the second return of value by the appraiser of the merchandise covered by this appeal for reappraisement was illegal, null, and void, and that the appraiser's original return of value, as reported by him to the collector of customs, constituted his appraisal of the merchandise pursuant to section 500 of the Tariff Act of 1930, and was final and conclusive in the absence of any appeal pursuant to section 501 of the said act.

Judgment will issue accordingly.