(A. R. D. 40)

UNITED STATES *v.* THALSON CO.

Entry No. 700583.

Second Division, Appellate Term

(Decided March 18, 1954)

*Warren E. Burger,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the appellant.

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the appellee.

Before FORD and EKWALL, Judges

FORD, Judge:   This is an application for review of the decision and judgment of the trial court (*Thalson Co.* v: *United States,* 31 Cust. Ct. 418, Reap. Dec. 8265) which was filed under the provisions of title 28 U. S. C. section 2636 (a).

Pursuant to rule 31 of the United States Customs Court, appellant herein alleges that the trial court erred as follows:

1.   In finding and holding that the appeal for reappraisement filed herein was timely, and in not finding and holding to the contrary.

2.   In that the court assumed jurisdiction of the subject matter herein and determined the case on the merits.

3.   In not entering a judgment dismissing the appeal for reappraisement herein as being untimely.

This case was submitted to the trial court upon a stipulation to the effect that the appraisement herein was made in the same manner as the appraisement in the case of *United States* v. *Gothic Watch Co.,* 23

Cust. Ct. 235, Reap. Dec. 7712, affirming the judgment in *Gothic Watch Co.* v. *United States*, 19 Cust. Ct. 309, Reap. Dec. 7438, and that the issues involved herein are the same in all material respects as the issues involved in the said cited case, and the record therein was admitted in evidence before the trial court. In addition to the above, counsel for the respective parties specifically agreed:

* * * that the above-enumerated appeal may be deemed submitted for decision upon this stipulation and the record heretofore made in this case, it being understood by the attorneys for the respective parties and the Court that the Government does not waive its right to continue to contend that the appeal for reappraisement filed herein by the importer is untimely, notwithstanding the order published as R. D. 8080, dated January 31, 1952, by which the Court denied the Government's motion to dismiss, and restored the case to the calendar.

The trial court disposed of appellant's contention that the reappraisement was untimely in the following language:

In view of the portion of the stipulation just above quoted, the order made January 31, 1952, and reported under the style of *Thalson Co.* v. *United States*, 28 Cust. Ct. 536, Reap. Dec. 8080, is hereby reaffirmed and incorporated herein by reference as though fully set out.

Since appellant has filed no assignment of error as to the decision of the trial court on the merits of the case, there is no question before us regarding that phase of this case.

The appellant herein contended before the trial court, and contends here, that the appeal in this case was untimely, due to the fact that the collector of customs mailed the notice of appraisement to the importer on July 24 and the appeal was not received at the collector's office until Monday, August 25 of the same year, which was more than 30 days after the date of mailing the notice to the importer. The record shows that the 30th day after the mailing of said notice fell on a Saturday and that on both that day and the following day, Sunday, the customhouse was closed. In denying appellant's motion to dismiss, the trial court relied upon the case of *Union National Bank* v. *Lamb*, 337 U. S. 38, and *Jacobs Pharmacy Co., Inc.* v. *United States*, 71 F. Supp. 584.

The above authorities appear to support the action of the trial court in denying appellant's motion to dismiss this appeal as untimely, and since they are set forth and discussed in the decision of the trial court denying said motion they do not require discussion here.

The only question presented by this application for review being that of whether or not the original appeal was filed within the time required by statute, we conclude, as matter of law, that the appeal was filed within the statutory time. The decision and judgment of the trial court denying the motion to dismiss the appeal as untimely are, therefore, affirmed. Judgment will be rendered accordingly.