**Karl G. JOHANSSON, Plaintiff,**

v.

**E. D. TOWSON, Defendant.**

**Roslyn H. JOHANSSON, Plaintiff,**

v.

**E. D. TOWSON, Defendant.**

Civ. A. Nos. 486, 487.

United States District Court
Middle District Georgia,
Valdosta Division.

Feb. 17, 1959.

Warren C. Fortson, Hawkinsville, Ga., for plaintiffs.

O. W. Franklin, Jr., Valdosta, Ga., for defendant.

BOOTLE, District Judge.

Each of the above cases seeks damages with respect to a vehicular collision which occurred August 25, 1956. In Civil Action No. 486 Count 1 seeks recovery for personal injuries allegedly sustained by the plaintiff, Karl G. Johansson, and Count 2 seeks recovery on behalf of the same plaintiff for his loss of companionship, care and services of his wife and for medical expenses incurred by him on her behalf. In Civil Action No. 487 the wife, Roslyn H. Johansson, seeks recovery for her personal injuries. Each complaint is met by a motion to dismiss based upon the ground that it affirmatively appears that the cause of action is barred by the statute of limitations.

By affidavits tendered and received in evidence at the hearing of these motions it is made to appear that these two complaints were mailed by plaintiffs' counsel at Hawkinsville, Georgia, at approximately 6:30 p. m., August 21, 1958, properly addressed to the Deputy Clerk of the United States District Court at Valdosta, Georgia; that in due course of mail they should have arrived at the Post Office in Valdosta, Georgia, at 5:10 p. m. Friday, August 22, or at 1:15 a. m. Saturday, August 23, 1958, depending upon which of two available schedules of travel was used; that the Deputy Clerk of the United States District Court at Valdosta, Georgia, rents Post Office Box No. 42, located in the United States Post Office Building at Valdosta, Georgia, for the purpose of receiving mail addressed to the Valdosta division of said court; that mail directed to said Deputy Clerk at said Post Office should be placed in said box within one and one-half hours after its arrival in Valdosta; that when said Deputy Clerk closed his office at 5:00 p. m., Friday, August 22, he inspected said box and these complaints were not therein, and that on Monday morning, August 25, 1958, at 8:30 a. m. when he

next inspected said box, his office having been closed all day Saturday and Sunday in accordance with the custom, these two complaints were therein, at which time he received them, took them to his office and marked them "filed August 25, 1958, 8:30 a. m.", and that the Deputy Clerk does not know exactly when these complaints and the envelope containing them were placed in said Post Office Box by the postal authorities but that this was done sometime after 5:00 p.m. Friday, August 22, 1958 and prior to 8:30 a.m. Monday, August 25, 1958. The Clerk's file in this case shows that said complaints were accompanied by a letter from plaintiffs' counsel to the Deputy Clerk containing the statement: "Kindly note that these must be filed not later than the 25th day of August so as not to be barred by the statute of limitations" and advising that check for $30 covering costs was enclosed; that on August 25, 1958, the Deputy Clerk wrote plaintiffs' counsel, and plaintiffs' counsel wrote the Deputy Clerk, the former letter advising that the complaints had been received and marked filed that date at 8:30 a. m. and calling attention to the fact that, by oversight, the check covering filing fees had not been enclosed, the latter letter advising that said check was then being enclosed.

■■ The Georgia statute of limitations applies. Metcalf v. City of Watertown, 1894, 153 U.S. 671, 14 S.Ct. 947, 38 L.Ed. 861; Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. As to Count 1 of Civil Action No. 486 and as to Civil Action No. 487 this statute of limitations provides two years, 3 Ga. Code Ann. sec. 1004, and as to Count 2 of Civil Action No. 486, provides four years, 3 Ga. Code Ann. sec. 1003. It appears, therefore, that while Count 2 of Civil Action 486 is clearly timely the time element with respect to Count 1 of the first case and with respect to the sole count of the second case is extremely close. I find as a fact from the evidence above referred to that these complaints were by the postal authorities duly and regularly placed in the Deputy Clerk's Post Office Box not later than one and one-half hours after 1:15 a. m. on Saturday, August 23, 1958. Under the law of Georgia these complaints could be filed any time before midnight of Sunday, August 24, 1958. Plaintiffs' counsel's recital in his letter to the Clerk that they could be filed not later than August 25 was erroneous as a matter of law because, as just stated, they had to be filed not later than midnight of August 24. Gibson v. Kelley, 1953, 88 Ga.App. 817, 78 S.E.2d 76; Dowling v. Lester, 1946, 74 Ga.App. 290(1), 39 S.E.2d 576; Brown v. Emerson Brick Co., 1914, 15 Ga.App. 332, 333(2), 83 S.E. 160; Peterson v. Georgia Railroad & Banking Co., 1895, 97 Ga. 798, 25 S.E. 370; and Irwin v. State, 1903, 117 Ga. 722, 728, 45 S.E. 59. The fact that the 24th fell on Sunday did not allow an extra day. Brown v. Emerson Brick Co., supra.

■ Thus, the question is whether the receipt by the Deputy Clerk of these complaints in his Post Office Box in the early morning hours of Saturday, August 23, constituted a sufficient filing of these suits prior to midnight of the following day, notwithstanding the fact that the Clerk did not open the box until 8:30 a. m. on Monday, August 25.

After reading many decisions on this question, some of which look one way and some another, it is my judgment that this filing is sufficient. As was said in Arkansas Motor Coaches v. Commissioner of Internal Revenue, 8 Cir., 1952, 198 F.2d 189, 194:

"Where the right to a day in court is at stake, the judicial approach should be one of attempt to accord the right, if this can legitimately and reasonably be done, and not one of attempt to deny it through unnecessary resolution, unless such a denial is either legally or equitably compelled."

The Federal Rules of Civil Procedure provide that "The district courts shall

be deemed always open for the purpose of filing any pleading * * *" Rule 77(a); that "The clerk's office with the clerk or a deputy clerk in attendance shall be open during business hours on all days except Sundays and legal holidays * * *", Rule 77(c); that "A civil action is commenced by filing a complaint with the court", Rule 3 and that "The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk." Rule 5(e), 28 U.S.C.A.

The tracing of our word "file" to the Latin word "filum" and its reference to the ancient practice of placing papers on a thread or wire for safekeeping and later reference is done in many cases, notably in United States v. Lombardo, 1916, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 and more recently in Milton v. United States, 5 Cir., 1939, 105 F.2d 253, 255. The latter case points out that all that is required on the part of a person filing a paper with an official is "merely the depositing of the instrument with the custodian for the purpose of being filed".

In the case of Palcar Real Estate Co. v. Commissioner of Internal Revenue, 8 Cir., 1942, 131 F.2d 210, it was adjudicated that a petition to the Board of Tax Appeals was timely filed when it had been delivered to the desk of the mail room of the Board during regular business hours, even though no official of the Board was then present to receive the document. Similarly, in Schultz v. United States, Ct.Cl.1955, 132 F.Supp. 953, 955, the Court of Claims held that a petition to it was timely filed when the airmail special delivery letter containing it "was delivered to the courthouse" before midnight on Sunday, the last day.

The facts in the case of McCord v. Commissioner of Internal Revenue, 1941, 74 App.D.C. 369, 123 F.2d 164, 165, are briefly these: the Board of Tax Appeals had instructed Western Union to deliver its incoming messages to the government telegraph wire. Western Union tendered a telegraphic petition to the government operator at 4:24 p.m., but because of the government wire's preoccupation with outgoing governmental messages it could not accept the incoming petition until 4:53 p.m. after the office of the Clerk of the Board had closed. The court held that such tender constituted a sufficient filing because the government operator "must be regarded as an agent of the Board with whom a telegraphic petition may be left for filing."

Perhaps the most analogous case is Central Paper Co. v. Commissioner of Internal Revenue, 6 Cir., 1952, 199 F.2d 902, 904. There, the Tax Court of the United States had rented a lock box about five inches square, too small to hold its mail, and, therefore, the postal authorities piled its mail on a ledge in no special receptacle until called for by a messenger from the Tax Court. The court held that mail so placed upon the ledge was properly delivered to the Tax Court for filing and, hence, properly filed. The court said:

"We are of the opinion that such a delivery by the Post Office constituted delivery to the Tax Court, although not a physical delivery to the Clerk's Office of the Tax Court. It had made delivery at the place directed by the addressee. At that time the Post Office had no further duty to perform in connection with its obligation to deliver. There is no twilight zone between delivery by the Post Office to the addressee, and receipt, either actual or constructive, by the addressee."

I think the foregoing is not at variance with the Georgia decisions. In Harvey v. Allen, 1893, 94 Ga. 454, 19 S.E. 246, the Supreme Court of this State held that an appeal bond executed under instructions from the Ordinary and under like instructions transmitted by mail to him from a distant city and arriving at his Post Office within the time allowed for appeal from the judgment of the Court of Ordinary was sufficiently de-

livered with reference to all duty in that respect incumbent upon the appellant, whether or not the Ordinary actually took the bond from the Post Office, approved it and filed it in his own office within the allotted four day period. In that case actually the Ordinary's daughter received the appeal papers from the Post Office, and the Ordinary had gone to Atlanta and did not return until two days after the time for filing the appeal had passed. The Harvey case was cited approvingly in Norrell v. Morrison, 1895, 99 Ga. 317, 25 S.E. 700, and while the Supreme Court in the case of Griffith v. Mitchell, 1903, 117 Ga. 476, 43 S.E. 742, distinguished the Harvey case and stated it would not be extended beyond its peculiar facts, the Court of Appeals of Georgia in the case of Broussard v. Brandenberg, 1911, 8 Ga.App. 795, 70 S.E. 159, 160, eight years later, through Judge Russell, later Chief Justice of the Supreme Court, analyzed the Harvey case in detail and said "we think [it] was properly decided."

The Griffith case, strongly relied upon by the defendant, is distinguishable from the case at bar. The legal question is somewhat different, and the facts are vastly different. There, the precise question was whether the plaintiff in error in a case pending in the Supreme Court of Georgia was "unrepresented" on the call of the case within the meaning of the 24th Rule of the Supreme Court (now Rule 32, 24 Ga.Code Ann. 4536). The Rule itself did not define representation or being unrepresented. In the opinion the Court said that "the plaintiff in error would be represented, within the meaning of the rule, when he appeared in person or by counsel on the call of the case, or if at that time briefs in his behalf were of file *in the clerk's office.*" [117 Ga. 476, 43 S.E. 744.] (Emphasis supplied.) So the question there was whether the plaintiff in error was represented upon the call of the case and under the court's interpretation of representation a subsidiary question was whether at the mo-

ment of the call of the case briefs were of file in the Clerk's office. Conceivably, the court could have ruled that a plaintiff in error would be unrepresented unless present in person or by counsel, but the interpretation was broadened so that he would be deemed to be represented "if at that time briefs in his behalf were of file in the clerk's office." Conceivably also, there are instances where a paper may be filed with a proper official outside such official's office. In Casalduc v. Diaz, 1 Cir., 1941, 117 F.2d 915, 917, it was said:

> "A person wishing to file a notice of appeal after closing hours on the last day may seek out the clerk or *deputy* clerk, or perhaps the judge * * * and deliver the notice to him out of hours. The notice of appeal would then be filed within the statutory period."

The Federal Rules of Civil Procedure, 5(e), provide for filing with the judge if he permits in which event he shall note on the papers the filing date and forthwith transmit them to the office of the Clerk.

But whether or not there is a substantial distinction between the Griffith case and this case as to the question of law involved, factually in that case there had been no filing of the briefs with the Clerk either in his office or out of his office and there had been no delivery of the briefs by the postal authorities. There, the Clerk of the Supreme Court, insofar as the case discloses, had no post office box, and at the time the case was called the briefs were either in the Post Office or in the hands of a postman who was on his rounds making his way to the Capitol to deliver mail.

Certainly no attempt will be made to reconcile or distinguish all of the cases, but a few cases strongly relied upon by able counsel for the defendant may be mentioned. In Casalduc v. Diaz, supra, there was a rule of court that the clerk's office be kept open on Saturdays until

Noon. The last day for filing an appeal fell on a Saturday. Counsel for appellant claimed to have slid a notice of appeal under the door of the clerk's office on that Saturday afternoon. The alleged notice was never found. In the case at bar we are not dealing with alleged complaints. They were in the deputy clerk's box. And here the only rule of court with respect to when the clerk's office shall be open is Fed.R.Civ.P. 77(c); "The clerk's office with the clerk or a deputy in attendance shall be open during business hours on all days except Sundays and legal holidays * * *". In Lewis-Hall Iron Works v. Blair, 1928, 57 App.D.C. 364, 23 F.2d 972, the court similarly held that a petition placed by a post office messenger in the slot of the door of the room where mail addressed to the Board of Tax Appeals was usually delivered at 7:10 p. m. of the last day was not filed in time, though discovered the following day. In so holding the court emphasized that there was a rule of the Board terminating business hours and closing the office at 4:30 p. m. When this question arose again before the same court in Owens-Illinois Glass Co. v. District of Columbia, 1953, 92 U.S.App.D.C. 15, 204 F.2d 29, in a case where a document was slipped under the door of the proper office of the Board of Tax Appeals for the District of Columbia after closing hours and was found there that night by a charwoman, the Lewis-Hall Iron Works case was distinguished, and the filing was held sufficient in the absence of a rule establishing office hours. It is true that in the Owens-Illinois Glass Co. case, supra, one member of the Board had been telephoned at his home and apprised of the placing of the document under the door.

The discussion of this question in United States v. Peters, 10 Cir., 1955, 220 F.2d 544, would seem to be dictum. What is said there as to whether or not filing was accomplished on Sunday is not necessary to the decision because the court held that the period allowed for filing extended through Monday and filing was unquestionably accomplished on Monday.

Accordingly, counsel for plaintiff may prepare an order overruling the motions to dismiss.