**Eva TURNER, Plaintiff,**

v.

**CITY OF NEWPORT, et al., Defendants.**

Civ. A. No. 94–234.

United States District Court,
E.D. Kentucky,
at Covington.

June 8, 1995.

---

William H. Vanherp, Covington, KY, for Eva Turner.

Jeffrey C. Mando, Adams, Brooking, Stepner, Woltermann, & Dusing, Covington, KY, for City of Newport, John Doe(s), I, John Doe(s), II, Tom Fromme, James Kane and Howard Niemeier.

David R. Steele, Spalding, Hanna, Rouse & Steele, Covington, KY, Dave Whalin, Landrum & Shouse, Louisville, KY, for Mike Scott.

*OPINION AND ORDER*

BERTELSMAN, Chief Judge:

This matter is before the court on the motion of the defendants to dismiss the case as barred by the statute of limitations.

## FACTUAL BACKGROUND

On December 12, 1993, Eva Turner was arrested along with other family members by Newport, Kentucky police officer Mike Scott. Turner was charged with a felony for conspiring to extort money in exchange for stolen vehicles. This charge was later reduced to a misdemeanor for receiving stolen property.

After the arrest on December 12, 1993, Turner was transferred to the Newport police station by Officer Scott where she was interrogated by Officer Scott, Lieutenant James Kane, Lieutenant Howard Niemier, and an unknown officer.

Eva Turner claims Officer Scott arrested her in retaliation for a past occurrence between the two. She also alleges that, while she was being interrogated by the Newport police department, an unknown officer twice struck her in the head with the butt of a shotgun. Turner contends that she has suffered serious internal injury to her head and has been diagnosed as suffering from headaches and depression as a direct result of the shotgun injuries. Turner further claims that, because of this injury, she is in need of psychological therapy and can no longer work efficiently.

Plaintiff filed her initial complaint, naming the City of Newport, Chief of Police Tom Fromme, Lieutenant James Kane, Lieutenant Howard Niemier, Officer Mike Scott, and two unknown Newport police officers as defendants.

Defendants now move to dismiss plaintiff's claims as barred by the statute of limitations.

At oral argument, it was stipulated that counsel for the plaintiff had intended to file the complaint early on December 12, 1994, the last day before the statute ran. The printer on his computer, however, malfunctioned and he was unable to file it before the Clerk's office was closed.

Therefore, plaintiff's counsel took the complaint and filing fee, in an envelope addressed to the Clerk's Covington post office box, in the back door of the post office and caused it to be deposited in the Clerk's post office box by a postal employee. This occurred at 11:30 p.m.—one-half hour before the statute of limitations ran. Of course, the Clerk's office was closed at that time and the Clerk did not open the post office box until the next morning, December 13, 1994, at which time the complaint was stamped as "filed."

## ANALYSIS

Therefore, the issue before the court is whether or not the complaint herein should be considered "filed" when in the Clerk's post office box, although the Clerk's office was closed.

The Federal Rules of Civil Procedure do not specifically provide the answer to this question.

Fed.R.Civ.P. 3 provides:

**Commencement of Action.** A civil action is commenced by filing a complaint with the court.

Fed.R.Civ.P. 5(e) provides:

(e) **Filing with the Court Defined.** The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. A court may, by local rule, permit papers to be filed by facsimile or other electronic means if such means are authorized by and consistent with standards established by the Judicial Conference of the United States. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.

Fed.R.Civ.P. 77 provides:

(a) **District Courts Always Open.** The district courts shall be deemed always open for the purpose of filing any pleading or other proper paper, of issuing and returning mesne and final process, and of making and directing all interlocutory motions, orders, and rules.

\* \* \* \* \* \*

(c) **Clerk's Office and Orders by Clerk.** The clerk's office with the clerk or a deputy in attendance shall be open during business hours on all days except Saturdays, Sundays, and legal holidays, . . . .

The rule seems to be that a document is deemed filed when it is in the actual or constructive possession of the Clerk. *Rodgers v. Bowen*, 790 F.2d 1550 (11th Cir.1986).

In a case directly on point, the Georgia federal district court held in *Johansson v. Towson*, 177 F.Supp. 729, 731–32 (M.D.Ga. 1959), that receipt in the post office box of the Clerk was sufficient to satisfy the statute of limitations, even though the Clerk's office did not open the box until after the statute had expired.

In *Freeman v. Giacomo Costa Fu Andrea*, 282 F.Supp. 525, 527 (E.D.Pa.1968), the court held that a complaint was filed when the plaintiff's messenger was awaiting the arrival of a deputy clerk outside the locked door of the Clerk's office. This case is cited with strong approval by the learned authors of 4A Wright and Miller, *Federal Practice and Procedure*, § 1153, p. 444.

The *Freeman* case also cites several other cases where the same result has been reached, under a variety of circumstances, including a Sixth Circuit case, *Central Paper Co. v. Commissioner of Internal Revenue*, 199 F.2d 902, 904 (6th Cir.1952). In *Central Paper Co.*, a petition which was mailed to the Tax Court was delivered to the ledge beside the Tax Court's post office box. The mail was typically placed on the ledge due to the small size of the post office box and the large volume of mail. The court held that such a delivery constituted delivery to the Tax Court even though there was no physical delivery to the Clerk's office.

The court said:

"We are of the opinion that such a delivery by the Post Office constituted delivery to The Tax Court, although not a physical delivery to the Clerk's Office of The Tax

Court. It had made delivery at the place directed by the addressee. At that time the Post Office had no further duty to perform in connection with its obligation to deliver. There is no twilight zone between delivery by the Post Office to the addressee, and receipt, either actual or constructive, by the addressee."

*Central Paper Co.*, 199 F.2d at 904.

Not only is the Sixth Circuit opinion controlling, but it seems to the court that these cases are well reasoned and that, therefore, it must be held that the complaint herein was timely filed when it was in the Clerk's post office box at 11:30 p.m. on the last day before the statute of limitations ran.

Therefore, the court being advised,

**IT IS ORDERED** as follows:

1. That the motions of the defendants to strike plaintiff's supplemented response (Docs. # 17 and # 19) be, and they are, hereby **denied;**

2. That the motions of the defendants to dismiss (Docs. # 7 and # 9) be, and they are, hereby **denied.**