In re Thomas and Jodie BRADSHAW,
Debtors.

Thomas and Jodie Bradshaw,
Appellants,

v.

United States of America, Internal Reve-
nue Service Division, and the Com-
monwealth of Massachusetts Depart-
ment of Revenue, Appellees.

BAP No. MW 02–023.
Bankruptcy No. 00–42999–JBR.

United States Bankruptcy Appellate Panel
of the First Circuit.

Aug. 30, 2002.

William Markley, Quincy, MA, for debtors-appellants.

Karen A. Smith, U.S. Department of Justice, Washington, DC, Louise Forbes, Internal Revenue Service, Boston, MA, David Mazzuchelli, Massachusetts Department of Revenue, Boston, MA, for creditors-appellees.

HAINES, de JESUS, and KORNREICH, U.S. Bankruptcy Appellate Panel Judges.

## ORDER DENYING LEAVE TO APPEAL AND DISMISSING APPEAL OF THE ORDER OF THE BANKRUPTCY COURT DATED APRIL 18, 2002

Thomas Bradshaw and Jodie Bradshaw ("Debtors" or "Appellants") are Chapter 13 debtors before the Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"). They attempted to avoid certain state and federal tax liens, first through their plan, then by motion to avoid, and a third time by motions to reconsider. Pursuant to Fed. R. Bankr.P. 8003, they now seek leave to appeal the order denying the avoidance motion and the order denying motion to reconsider. Since those two orders were final when entered, the motion for leave to appeal is denied as moot. On our own motion, we also dismiss the appeal of the order denying lien avoidance, thus leaving only the appeal from the order denying motion to reconsider to proceed.

### PROCEDURAL HISTORY

On May 26, 2000, the Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code").[1] According to the Debtors, their plan as confirmed on August 24, 2000, provided for the avoidance of liens held by the Massachusetts Department of Revenue ("MDOR") and the Internal Revenue Service ("IRS"). At some point, the Chapter 13 trustee (the "Trustee") moved to dismiss the Debtors' case. We gather from the motion now before us that the dismissal motion had not been decided at the time the notice of appeal was filed. The Trustee's motion seems to have been based, at least in part, upon a question of feasibility attributable to the secured status of the state and federal taxing authorities. Apparently, it was the threat of that motion to dismiss which prompted the motion for leave to appeal.

On March 19, 2002, the Debtors filed their motion to avoid liens. Their argument was that the taxing authorities were bound by the doctrine of *res judicata* because the tax liens had been avoided under the plan. That motion was opposed by the MDOR and the IRS. The bankruptcy judge determined that the language of the plan did not adequately appraise the taxing authorities of its effect on their liens and denied the avoidance motion by order dated April 18, 2002.

Uncertain about what to do next, the Debtors asked for an extension of time until May 6, 2002, to take an appeal from or seek reconsideration of that order. Their motion to extend was transmitted by electronic facsimile to the Bankruptcy Court after business hours on April 29, 2002, the last day of the ten day appeal period under Fed. R. Bankr.P. 8002(a). It was entered on the docket on April 30, 2002, eleven days after the order denying the avoidance motion and was granted by the Bankruptcy Court that same day.

On May 6, 2002, the Debtors filed a motion to reconsider the order denying their avoidance motion. This time the

---

1. 11 U.S.C. § 101 *et seq.*

Debtors changed course and urged the Bankruptcy Court to employ 11 U.S.C. § 506(a) to determine that the value of the property was such that the IRS claim was partially secured and the MDOR claim was entirely unsecured. On May 13, 2002, they filed a supplemental motion to reconsider which restated the § 506(a) argument and added allegations of the value of the subject property and the amount of the mortgage, IRS and MDOR claims. MDOR filed an opposition. These motions were dealt with by the bankruptcy judge as motions under Fed.R.Civ.P. 60, which is applicable in bankruptcy proceedings under Fed. R. Bankr.P. 9024, and Fed. R.Civ.P. 59(e), which is applicable under Fed. R. Bankr.P. 9023. He denied them by order dated May 20, 2002 because they "fail[ed] to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome." His order also stated that, under Fed. R. Civ. P. 59(e), the motions would have been untimely.

On May 30, 2002, the Debtors filed a notice of appeal from the orders of April 18, 2002, and May 20, 2002, along with a motion for leave to appeal.[2]

## JURISDICTION

This appeal is before the Bankruptcy Appellate Panel for the First Circuit (the "Panel") pursuant to 28 U.S.C. § 158 and 1st Cir. BAP R. 8001–1(d)(1). The motion for leave to appeal is before us pursuant to Fed. R. Bankr.P. 8003 and 1st Cir. BAP R. 8003–1.

**2.** The notice of appeal identifies these orders, but shows incorrect dates (April 28, 2002 and May 30, 2002). The motion for leave to appeal shows the correct dates.

**3.** The endorsement order written in the margin of that motion states: "4/30/02 Allowed pursuant to Rule 8002(c)(3) [sic]. The motion

## DISCUSSION

The motion for leave to appeal is based upon the Debtors' contention that, if not reversed, the orders appealed from will allow the Trustee to prevail on his motion to dismiss. The MDOR disputes the sufficiency of that contention, but bases its challenge on two other points. First, that the orders appealed from are final; and, second, that the original appeal period had expired before the Bankruptcy Court granted the extension. The gravamen of MDOR's position is that "the Bankruptcy Court had given the Debtors the opportunity to seek *either* further consideration of their claims in the Bankruptcy Court *or* to seek appellate review, *but not both.*" MDOR Opposition at 2 (emphasis added).

We agree that the orders were final and, as such, they may be appealed without a showing of cause. Therefore, we need not address the adequacy of the Debtors' contention as a basis for leave to appeal. We also reject the notion that the Bankruptcy Court required the Debtors to choose *either* reconsideration *or* appellate review. Actually, the Bankruptcy Court gave the Debtors the opportunity to do either or both.[3] But the MDOR has not entirely missed the mark. The original ten day appeal period had lapsed before the Bankruptcy Court granted the motion to extend. As a result, we lack jurisdiction to review the order of April 18, 2002.

### 1. *Finality*

 "The concept of 'finality is [to be] given a flexible interpretation in bankrupt-

for reconsideration or notice of appeal must be filed no later than 5 PM on May 6, 2002." There is no sub-paragraph (3) to Fed. R. Bankr.P. 8002(c). We·are satisfied that the Bankruptcy Court meant to cite Rule 8002(c)(2) which treats the time for filing a request to extend the appeal period.

cy, where necessary to accommodate concerns unique to the nature of bankruptcy proceedings.'" *Russell v. Allied Textile Companies (In re Carleton Woolen Mills)*, 281 B.R. 409 (D.Me.2002)(quoting *In re Harrington*, 992 F.2d 3, 5 (1st Cir.1993)). Although finality is elastic, "a bankruptcy court order is not appealable 'unless it conclusively determines a discrete dispute within the larger case.'" *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 648 (1st Cir. BAP 1998) (quoting *In re Harrington*, 992 F.2d at 5). The orders of April 18, 2002, and May 20, 2002, ended the litigation on the merits of the lien avoidance issues. *See Bruin Portfolio, LLC v. Leicht (In re Leicht)*, 222 B.R. 670, 671 (1st Cir. BAP 1998) (holding that a bankruptcy court's lien avoidance order is a final order). Since final orders may be appealed without the permission of this Panel, the motion for leave is denied as moot. We now turn to the jurisdictional problem.

## 2. *Lack of Jurisdiction*

■ As with other appellate courts, our jurisdiction is invoked by the timely action of the parties. If not taken or preserved within the 10 day appeal period, an appeal from a final order of a bankruptcy court will fail. *See In re Perry Hollow Management Co., Inc.*, 297 F.3d 34, 38 (1st Cir. 2002) ("[T]he timely filing of an appeal is 'mandatory and jurisdictional.'")(quoting *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 387 (1st Cir.1994)).

■ The Debtors could have taken or preserved an appeal of the lien avoidance order, by filing within 10 days of April 18, 2002, either a notice of appeal under Fed. R. Bankr.P. 8002(a), a motion for relief under Fed. R. Bankr.P. 8002(b), or a request to extend the appeal period under Fed. R. Bankr.P. 8002(c)(2). Clearly, their motion to extend was neither a notice of appeal, nor a Rule 8002(b) motion. And, even though granted by the Bankruptcy Court, that motion was filed too late to have extended the time for filing a notice of appeal under Fed. R. Bankr.P. 8002(c)(2).

To have been timely as a request to enlarge the time for filing a notice of appeal, the motion to extend would have had to have been filed on or before April 29, 2002; or, had there been a showing of excusable neglect, not later than twenty days thereafter. Fed. R. Bankr.P. 8002(c)(2).[4] Excusable neglect does not appear to be an issue. The request for an extension was dated April 29, 2002, and transmitted to the Bankruptcy Court after regular business hours on that day. It was entered on the bankruptcy docket on April 30, 2002, eleven days after the entry of the order denying the lien avoidance motion. That entry was proper.

The guiding principle is that clerks of court must be available in some fashion twenty-four hours a day. *See* 28 U.S.C. § 452; Fed.R.Civ.P. 77(a); Fed. R. Bank. P. 5001. However, as part of their general rule making authority, courts may set business hours and other conditions, as they deem necessary and reasonable, for

---

**4.** Fed. R. Bankr.P. 8002(c)(2) states:

A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing such a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a

showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

the filing of papers. *See* Fed.R.Civ.P. 83. This rule making authority also applies to bankruptcy courts. *See* Fed. R. Bankr.P. 9029. "Despite the fact that Fed.R.Civ.P. 77(a) states that 'district courts shall be deemed always open for the purpose of filing any pleading or other proper paper ...,' the word 'filing' as used therein is a word of art. It means delivery into the actual custody of the proper officer. Consequently, Rule 77(a) has been interpreted uniformly to mean that the clerk's office need not be kept open around the clock, and that, outside of ordinary business hours, merely leaving papers in a closed or vacant office does not constitute 'filing' sufficient for commencement of an action." *McIntosh v. Antonino,* 71 F.3d 29, 35 (1st Cir.1995)(quoting *Casalduc v. Diaz,* 117 F.2d 915, 916 (1st Cir.1941), *cert. denied,* 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 512 (1941)).

In the District of Massachusetts, the Local Rules of the United States Bankruptcy Court ("MLBR") govern the time and manner in which papers may be filed. Facsimile transmissions will be received between the hours of 8:30 a.m. and 4:30 p.m. MLBR 5001–2(b).[5] Facsimile transmissions received after 4:30 p.m. shall be deemed received the next court day.

MLBR 5005–4.[6] These local rules appear to be well within the general rule making authority contemplated in Fed.R.Civ.P. 83 and Fed. Bankr.P. 9029 for the efficient operation of the Bankruptcy Court. Time limitations under the Rules, including those applicable to filing by facsimile transmission, must be observed. *See McIntosh,* 71 F.3d 29. Thus, the motion to extend was properly docketed on April 30, 2002, the day following the expiration of the original ten day appeal period and did not extend the time for filing a notice of appeal.

For the same reason, the motion to extend also failed to enlarge the time in which the Debtors could have stretched the appeal period under Fed. R. Bankr.P. 8002(b). A motion under that rule must be brought under Fed. R. Bankr.P. 7052, 9023, or 9024 and must be filed within the original 10 day appeal period.[7] Fed. R. Bankr.P. 8002(b). Additionally, unlike the time for filing a notice of appeal, the time for filing a motion under Rule 8002(b) may not be extended by a bankruptcy court. "The court may not enlarge the time for taking action under Rules ... 7052, 9023, and 9024." Fed. R. Bankr.P. 9006(b)(2).

Consequently, as motions for relief under Rule 8002(b), the motions for reconsid-

---

**5.** MLBR 5001–2(b) provides in pertinent part, "All pleadings, including petitions, motions, and complaints, shall be received for filing in the office of the Clerk between the hours of 8:30 AM and 4:30 PM."

**6.** MLBR 5005–4 provides in pertinent part, "(a) The Court will accept for filing documents electronically transmitted by facsimile machine ... (c) Documents received by the Clerk by facsimile after 4:30 *P.M.* on a court day shall be deemed received as of the following court day."

**7.** Rule 8002(b) motions include: (1) a motion to amend or make additional findings of fact under Rule 7052 [Fed.R.Civ.P. 52]; (2) a motion to alter or amend the judgment under Rule 9023 [Fed.R.Civ.P. 59(e)]; (3) a motion

for a new trial under Rule 9023 [Fed.R.Civ.P. 59(a)–(d)]; or (4) a motion for relief under Rule 9024 [Fed.R.Civ.P. 60]. *See* Fed. R. Bankr.P. 8002(b)(1)–(4).

To be timely, motions under Rules 7052 and 9023 must be filed within ten days of the entry of the judgment, order, or decree from which relief is sought. Fed.R.Civ.P. 52(b), 59(b), and 59(e). Ordinarily, there is no ten day limitation on the filing of a motion for relief from judgment under Rule 9024, which incorporates Fed.R.Civ.P. 60. But, if a Rule 60 motion is to extend the bankruptcy appeal period, it too must be filed within ten days of the entry of the judgment, order, or decree from which relief is sought. Fed. R. Bankr.P. 8002(b)(4).

eration were untimely and, for that reason, had no tolling effect on the appeal period relating to the order of April 18, 2002. But that does not end the matter. The appeal of the order of May 20, 2002 denying reconsideration, which was timely taken on May 30, 2002, may proceed as a discrete question, unconnected to the order of April 18, 2002.

It is therefore ORDERED that the appeal of the order of April 18, 2002, be DISMISSED.